Cr. 97-72(1)Se

Domingo 26 el 1febr - 2007

Honorable Juez Señor
Salvador E. Casellas

RECEIVED
& FILED
JAN 30 2007
CLERK'S OFFICE
ANNEX
U.S. DISTRICT COURT
OLD SAN JUAN, P.R.

<u>Comparesco por propio derecho en esta pequeña</u>
Carta para informarle y enviarle una copia que he enviad
a La Corte Suprema de Washington DC 20543-0001.

Pero primero que nada Deceo que usted y toda su sagra
Familia esten mui Bien y llenos de Bendiciones con la
alluda de Nuestro Padre Celestial Siempre.

My persona no lo estoy porque el 12-enero-2007 allá en F
me le quitaron la Vida a la Luz de mis ojos, my hijo may
José Rafael Vega Olmo que tan solo tenia 18 años.

<u>Pero me divijo a usted para que me tome en consideracion
y me dé el Derecho de obtener la Prueba de Poligrafo, y
tambien a los agentes José Tivado y Tomas Sanchez a igua,
el acusado David A. Medina Sanes y la Leda: Marlene Apont</u>

Para probarle que <u>esos agentes</u> Mintieron y alteraron lo
que my persona le respondió <u>al agente</u> que me entrevicto,
una sola respuesta que le dí a <u>Medina-Sanes</u>, que fue
el porque yo estaba en el 6<sup>ro</sup> piso del edificio federal ese 11-4-97
Vega-Figueroa le respondió a <u>Medina-Sanes</u> ese dia (que ya
no se porque estoy aqui) Cuando el me preguntó si estaba

Queridos Amigos:

Espero que al recibir esta carta se encuentren bien de salud. De mi les diré que estoy bien. Espa-ll

[líneas tachadas/ilegibles]

Eso me dio tremendo dolor. Yo siempre me sentí triste y pensaba que los hijos de Malena esperaban que yo diera cara por su mama [tachado]
[tachado] no los conozco [tachado]
[tachado] A Peice [tachado]

II

uc          Honorable Señor Juez SalVador CasLlas

My persona Le notifiqué a La Lcda: MarLene Aponte
que en el dia del Juicio Federal donde ese agente
estaba testificando sobre ese supuesto testimonio que
Vega-Figueroa Le respondio a Medina-Sanes.

Era falzo ~~que el dia de mirara testificando nervios~~, y que Cuando my persona
mirara en La unidad a medina-sanes, AKA Negro hiba
hablar con el para esplicarle Lo que estaba sucediendo.
y

V. Al otro dia en el Juicio Federal Le informé a La abogad.
MarLene Aponte que habia hablado con ~~blacked out~~ y
que el ~~blacked out~~ porque eso ~~blacked out~~
~~blacked out~~

~~MarLene Aponte~~ ~~blacked out~~
~~testifical porvos porvos~~, ~~blacked out~~, ~~blacked out~~
~~contra de muy voluntad~~.

My persona Se Los espl ~~blacked out~~
una Carta en ~~blacked out~~ espan ~~blacked out~~
s y el y el otro abogado augumentaron el caso ~~blacked out~~
Se Lo que my persona Le contestró al agente, se lo dijo Medi

## VI



~~Mi persona Vega figu~~ ... Lo cual no tengo absolutamente nada que Ver y soy inosente de ese hecho tambien.

~~Mi persona tambien~~ ...

Honorable Juez Señor Salvador Casellas Lepido se investigue La verasidad de La copia de La corta de A.C

~~Mi persona Vega figu~~ ...

~~Verdad.~~

Muchas Gracias

Supreme Court of United States
Office of The Clerk
Washington, DC 20543-0001

William K. Suter
Clerk of The Court
(202) 479-3011

(NO es moción 2241)

RE: Jose Vega-figueroa                    Caso 97-72
V. United States                   Moción informativa Pro-
No. 06-8285                      de fabricación de parte agentes

Honorable Corte Suprema
Comparesco muy respetuosamente y alego,
espongo, e solicito, Por propio Derezho.

1. Vega-figueroa Les divige esta petición en el
[diama español] porque no domina el ingles.

2. Referente a fabricación de testimonio de parte d.
Los agentes Jose Tirado y Tomás Sanchez en cuelig
que Tergiversaron My respuesta hacia el agente
que me entrevicto y anrilo a una otra respuesta
que Vega-Figueroa le respondio y David Medina Sanc

3. Referent Testimoni of David Medina-Sanes
on 4-11-97 Mr Vega-figueroa was arrested
pursuant To The Indictment. 97-72

II

4. Vega-Figueroa juro que lo que voy a declara es veras y exacto en esta peticion, ~~y que si en algun momento de febrero 28 U.S.C. §1746 y me sentencien el triple de la sentencia que actualmente esta~~ bive Prison.

5. En 11-9-97 Vega-Figueroa fue arrestado por el FBI en la prision regional de Guayama ~~junto a otros confinados~~ #1. Edgardo Rondon Corre a ~~#2. David A. Medina Sanes~~ #3. Ricardo Padro Burgos #4. Ronald Barrios Garcia ~~#5 Jose A. Vega Figueroa~~.

6. Que ese 11-abril-97 en el 6th floor of the federal building in san juan cuando nos arrestaron en un momento David Medina Sanes me pregunto: Pito ta estas acusado de lider y empresa criminal. Vega-Figueroa le responde "Yo no se porque estoy aqui", y en ese momento se acabo la conversacio de ese tema con ~~Medina-Sanes~~.

7. Que cuando el agente empiesa a entrevistar a Vega-Figueroa la primera pregunta fue ~~tu eres Pito Tasco~~ ese apodo no me gusta, ~~y me conte el agente~~ "yo no soy Pito Tasco ~~no se quien e~~"!

El agente me pregunta ¿Tú Trabajas? ~~Vega-Figuer~~ le contesta que cuando en la calle ~~ahora de~~ preso. El agente pregunta ¿En los 2 lados ahora d

presume cuando estabas en la calle? Vega ~~Figueroa~~
le responde ~~en la calle ya era un~~ perito ~~de guard~~
~~de seguridad, ~~para trabajar en especial~~

~~Esa fue la explicación de Vega Figueroa~~
~~a gente que lo entrevisto, y no a ~~
~~como alegaba la vega.~~

8. Vega ~~Figueroa le pide a este Honorable Corte~~
~~SUPREMA~~ qué ~~por tan gilveración~~ ~~incurrió en la~~
dicho agente que se sentó a ~~testificar en el~~
Juicio federal.

Basado en que ~~Derechos constitucionales~~
~~fueron violados por conducta fabricada y~~
alterado ~~en detrimento de un por ~~ hac~~
ese agente, y ~~así es por que se dice Medina~~
Sanes.

"Le pido a La Corte SUPREMA"

~~SE NOS Toma nueva Ruecha de Polígrafo~~

#1. ~~al agente ~~ que
se haya ~~hecho para testificar en el juicio federal~~
sobre esto ~~caso.~~

#2. Vega ~~Figueroa~~

#3. ~~David Medina Sanes~~

#4. ~~Leda Ma Lou Agosto Cabrera~~

Para probar que dicho agente fabricar y alterar ese

VI

9. Que Vega figueroa en pleno Juicio Federal le informe a la Lcda. Marlene Aponte que ese agente estaba mintiendo y fabricando ese que lo mirara que estaba Nervioso de y alterando mi respuesta de lo que se le respondí al agente que me entrevicto, y diciendo a Medina Sanes.

10. Que cuando mi persona fue de regreso al M.D.C. Guaynabo y en la unidad mire a Medina Sanes, le expliqué lo que ese agente estaba testificando, y Medina Sanes me respondio que eso No era cierto que le respondio esa Frace, de que lo de punto de droga era ante y que ahora trabajo en la cosina. Que hablara con mi abogada Marlene Aponte para que ella lo citara a testificar a mi Favor en la Defenza, para desmentir a dicho agente.

11. Que mi persona Vega-figueroa al otro dia siguiente en La corte Federal en el Juicio, le Notifiqué a la Lcda. Marlene Aponte lo que David Medina Sanes me informó, para que le dijera a ella que lo llamara a testificar a Favor de mi Defenza, para desmentir al agente que testifico de esa manera.

La Teda Marlene Aponte le respondio a Vega ~ que en su momento llamaria a testificar al defendant David Medina Sanes para la ~ → lo cual no conllevo.

Dejando en el record establesido el derecho Miranda, pero como mi persona Vega ~ le ahiga testificado a Medina-Sanes lo que el agente altero en mi respuesta hacia el.

12. Que en mi appelacion Directa los señores aboga BRUCE R. BRYAN, ESQ. y Paul G. Carey, ESQ.

POINT 1.

VEGA'S STATEMENTS WHILE IN CUSTODY SHOULD HAVE BEEN SUPPRESSED

Argumentaron que Vega-figueroa le respondio a Medina-Sanes que el era supervisor de Guardia de seguridad, y que el fue arrestado en 199?, el ahora trabaja en la cosina de la prision y que en ese tiempo del alegado testimonio, no one advised The Appellant of his Miranda right

Pero mi persona Vega-figueroa ~ mis carta que le envie a los Ledos BRUCE y Paul en el idioma español porque no domino el idioma Ingles, fueron claras de que ~ que mi persona le respodi, Do que era ~ vi sor, de Guardia de seguridad en la calle y que ahora trabaja en la cosina



Vega-figueroa Le Pide a La Honorable CORTE
SUPREMA que ~~~~~ ~~ ~~ ~~~~~~ ~~
PRUEBA DE POLIGRAFO o ~~~~~~ Ledos ~~~~~~
para que ~~ ~~~~ ~~~ ~~ Vega figueroa
está diciendo La Verdad y Nada más que
LA VERDAD.

13. Que mi persona Vega-figueroa para some
ter, my peticion 22-55 en el Idioma Ingles
my familia se pusieron en contasto con el
señor Richard Deters de Paralegal Research
Associates, ya que ellos encontraron este
caso 97-72 y 99-1394 en La Appelacion Directa
en el Zistema, y me enviaron una carta para
la Penitenciaria de ATLANTA donde my
persona me encontraba para ese Tiempo.
Se llegó en un acuerdo para someter my peticion
22-55 por propio Derecho, y en ese issue del

Miranda rights. Vega-figueroa le informó lo
siguiente→ Que cuando Medina-sanes me
pregunta ¿Pito tú estas acusado de lider y
empresa criminal? Vega-figueroa le respondo
"yo no se porque estoy aquí", y en ese momento
se termino la conversación de ese tema con
Medina-sanes.

Que fue al agente que me entrevictó que
Vega-figueroa le respondio, que en la calle yo
era supervisor de Guardia de Seguridad y
que ahora trabajo en la escuela.

Que Mr. Richard Deters argumentó el mismo issue
que dejó en el record establecido La Lcda:
Marlene Aponte.

y por tal razón es que al no aclararse la alterac
uy de my respuesta al agente que me entrevictó
y el alterarla al unirla a Medina-sanes, es
que en todas mis peticiones en appelaciones me
an denegado?

Vega-figueroa le pide a esta Honorable corte
SUPREMA, que para probar que estoy Diciendo
La Verdad y Nada Mas Que La Verdad, que
me acuse de Perdurio 28 U.S.C. §1146 si estoy
mintiendo y me centencien al triple de la
centencia que actualmente es Live Prison.

Que se me tom... huella de Poligra fo a

#1. Los agentes José Tirado y Tomás Sánchez, o el agente que en cuestión se sentó a testifica alterando y añadiendo mi respuesta hacia el unirla a Medina-Sánes.

#2. Que se le tome el Polígrafo en Prueba a José A. Vega Figueroa

#3. Que se le tome el Polígrafo en Prueba a David Medina Sánes.

#4. Que se le tome la prueba de Polígrafo a La Lcda: Marlene Aponte.

#5 y si es necesario se le tome el polígrafo en prueba a los Lcdos: Paul G. Carey y BRUCE R. Bryan, al igual si es necesario la prueba de polígrafo a Mr. Richard Deters president de paralegal Research Associates.

Esto es todo para este escrito ya que mis Derechos Constitucionales en mi presusión de mi INOCENCIA me an sido Violados por este error REVERCIBLE.

Muchas Grazias
Sometido por
José A. Vega Figueroa #14694069

Honorable Corte Suprema

Que envió de EXIBIT

#1. La lista donde se aclara que que tanto
David A. MEDINA SANES y José A. Vega figueroa nos
encontrabamos en Prision Regional de Guayama.
y es imposible que Medina-sanes me preguntara
que si yo era Pito Casco? como lo alteró el agente
José Tirado y Tomas Sanchez o el que se sentó
a declarar en el Juicio Federal que Vega-figueroa
Le respondio a medina-sanes que eso era antes
Lo de punto de droga que ahora trabaja en
La COSINA. y Medina Sanes no testificó en el JuicioFede
→ ral. EN 1998
#2. Envió 2 copias donde aparece my apodo: CHUITo
Cuando es cheito o cheo, que fue al agente
que Vega-figueroa Le respondio ; yo no soy
Pito Casco No soy cabezón! y no como el Lo
alteró de que my persona se lo respondi a Medina
Sanes. y Medina-Sanes No Testificó en el Juicio
→ Federal. EN 1998
#3. Envió La carta donde Mr. Richard Deters me
contesta atraves de su hermano, que La Corte
de Appelaciones No considera Material que no
es parte del record.
Con La carta de Vega-figueroa reclamandole que
La curpa de que se ahiga quedado el argumento
del testimonio en que el agente testificó que

Honovable Corte Suprema

Que envió de EXIBIT

Vega-figueroa Le respondio a Medina-Sanes, que eso era antes lo de punto de droga, que ahora trabajo en La Cosina, que la curpa de eso l Tiene La LCda: Marlene Aponte al no llamar de testigo de my Defenza a Medina-Sanes cuando el me lo informó y my persona se lo notifiqué a ella, y Marlene Aponte me contestó que en su momento lo llamavia para La Defenza "A Lo cual NO hizó, en contra de my Voluntad.

#4. Envió 4 ojas originales de Paralegal Research Associates RE: Billing for Preparation of Petition for writ of cerciovaty.

Donde presento la prueba que no se argumentó el issue de que el agente en la entreVicta en el 11-Abril-1997, o el que se sentó a declarar en el juicio Federal, cambio my vespuesta hació el y las añadio a su manera a la persona d. David Medina Sanes. Contoda la Malicia de aserme DAÑO a Vega-figueroa. y Medina-Sanes No Testificó → en el Juicio Federal en 1998. *

#5. Envio una pag de el Vocero de Puerto Rico en velación Del zaso y esenia AbSueltOS dOS coacusados. EN EL TRIBUNAL FEDERAL de P.R donde por ser admisible La Prueba de Poligrafo se probó La

Honorable Corte Suprema

Que envio copia de esta mocion a

#6. Honorable Juez Salvador E. Casellas
U.S. District Court, 150 Federal Bldg.,
Hato Rey Puerto Rico 00918

#7. United States Attorney, District Of P.R.,
room 452 Federal Bldg, Hato Rey, P.R.00918

Cordialmente
Jose'A. Vega-figueroa
14694069
P.O. Box 1034
Coleman, FL 33521-0879

EXIBIT
1

ESTADO LIBRE ASOCIADO DE PUERTO RICO
ADMINISTRACION DE CORRECCION
**Centro de Detención Regional de Guayama**
Call Box 10005
Guayama, Puerto Rico, 00785



A. *Agente Nieves*

De. *U. Vartin - Séc. Réc.*



| Nombre | Delito | Sentencia | Cumple en |
|--------|--------|-----------|-----------|
| Edgardo Bandón Rivera | *Asesinato blanco* 50 años y otros | | 3/mayo/2032 |
| | *Asesinato grado* y otros | | 31/oct/2013 |
| Ricardo Padro Burgos | *Asesinato grado (3 cons)* y otros | 518 años | 9/ene/2005 |
| Rinaldi Banks Marín | *Homicidio(s)* | 160 años | 13/oct/2004 |
| | *Robo y otros* | | 11/mayo/... |

*Tiene caso pendiente en el Tribunal de Bayamón por Asesinato.*

1 Dic. 2006


*Neo. Agra. Wáres - Ext. Llenta de muestra en C.C.A. Para Adultos desde el 17/mayo/97 (cárcel privatizada) Núm Tel. 841-2290
841-2292*

*Disculpa Sr. Torres.*

INFORMACION de REGISTRO de VEHICULOS y CONDUCTOR
--------------------------------------------------- 06-MAR-96   07:12 PM --
| Informacion del Vehiculo:
| NT: 731119    Marbete: 0032225    NR: 3011454        V I N   : JH2AF060XH532250
| Descripcion: 1987 honda 222 222 rojo claro           Fec.Reg. : 00880902
| Financiera :              Num.Cont: 000000000         Fec.Ult.Renovacion: 9000
| Gravamenes :
|
| Informacion del Conductor:
| Nombre  : VEGA FIGUEROA, JOSE A.
| Licencia:              Tipo:
| Direccion Res:                                        Fec.Expiracion:
|                                                       Fec.Ult.Trans : 19910215
|             EDF 45 APT 442 RAMON ANTONINI             Seguro Social : 001714333
|             SAN JUAN, PR 00926                        Fec.Nacimiento: 00000000
| Direccion Post:                                       Sexo:   Peso:    Estatura:
|                                                       Tez :            Pelo:
|                                                       Ojos:
| Resumen:
| Num Vehiculos: 00001       Boletos Sin Pagar: 000          Puntos: 000
| Suspenciones :-000         Fec Supencion :
              * INFORMACION SOLICITADA POR SEGURO SOCIAL O FAKE

EXIBIT
2

CENTRO DE TELECOMUNICACIONES
Y COORDINACION CONJUNTA

ESTA INFORMACION ES PRODUCTO DE LA BUSQUEDA
EN LOS ARCHIVOS ELECTRONICOS DE LA POLICIA,
SEGUN LOS DATOS SUMINISTRADOS Y SE UTILIZARA
PARA FINES INVESTIGATIVOS OFICIALES SOLAMENTE.

   Sistema de Vehiculos de Motor
          D A V I D
       INFORMACION de REGISTRO de VEHICULOS y CONDUCTOR
+--------------------------------------------------- 06-MAR-96   07:12 PM ----
| Informacion del Vehiculo:
| NT:        Marbete:        NR:               V I N   :
| Descripcion:                                 Fec.Reg. :
| Financiera :        Num.Cont:                Fec.Ult.Renovacion:
| Gravamenes :
|
| Informacion del Conductor:
| Nombre  : VEGA FIGUEROA, JOSE A.
| Licencia:              Tipo:
| Direccion Res:                                        Fec.Expiracion:
|                                                       Fec.Ult.Trans : 19930823
|             EDF45 APT 446 RES R. ANTONINI             Seguro Social : 003221613
|             SAN JUAN, PR 00924                        Fec.Nacimiento: 00000000
| Direccion Post:                                       Sexo:   Peso:    Estatura:
|                                                       Tez :            Pelo:
|                                                       Ojos:
| Resumen:
| Num Vehiculos: 00000       Boletos Sin Pagar: 000          Puntos: 000
| Suspenciones : 000         Fec Supencion :
              * INFORMACION SOLICITADA POR SEGURO SOCIAL O FAKE

EXIBIT
3

CENTRO DE TELECOMUNICACIONES
Y COORDINACION CONJUNTA

ESTA INFORMACION ... ... ... DE LA BUSQUEDA
EN LOS ARCH... ... ... ...S DE LA POLICIA,
SEGUN LO... ... ... ... ...OS Y SE UTILIZARA
PARA FINES INVEST... ... ...OFICIALES SOLAMENTE.

---

Despliegue Expediente _____ POLICIA DE PUERTO R

(AP) VEGA          (AM) FIGUEROA      (NM) JOSE       (I) A EXPED: E4936
SEXO: M  SSN: 583131174  FEC-NAC (MMDDAA):    11 10 68    LUG-NAC: SJU
DIR: RES.RAMOS ANTONINI EDF.45 APTO.446
PUEBLO: RPI    PAIS: PUERTO RICO                    (RECDO ARCHIVO)

---

OCUPACION: OTR   LIC.DE CONDUCIR: 02097392    TIPO DE LICENCIA: COD
FBI NUMBER:        MISC IDENT:
PELO: BRO   OJOS: BRO    RAZA: B    TEZ: LBR    PESO: 170    ESTATURA: 067
MARCAS:

---

HENRY: (R) M 1UIII    5  (L) M 1UIOO      REF. HENRY: M1UIII   6   S1UIIO
NCIC FPC:                      FELON?:    REQUISITORIA:    ROLLO MICRO:

---

PRIMER DELITO: TENT.ASESINATO Y ART    FECHA: 02 03 87    LUGAR: SAN JUAN
TV: C  NUM CONTROL: 00000  FECHA INACTIVO: 00 00 00    FECHA ACTIVO: 00 00 0(
RECORD SE AÑADIO: 03/03/1991 Y SE MODIFICO POR ULTIMA VEZ: 06/08/1995 POR AMI

---

Enter) Listar          5) Prox / Ultimo   ^15) Imprimir Pantalla
1) Regresar            6) Anadir      11) Ver Información          16) Regres
                       7) Consultar   12) Ver Alias                /Cancel
3) Ver Reg                            13) Ver Delitos
4) Ante / Primer       9) Modificar   14) Claves de Campos

Paralegal Research Associates
21319 Highway 33
Spring Grove, MN 55974

EXHIBIT
4

Jose Vega-Figueroa
14694-069
P.O. Box 1034
Coleman, FL 33521

33521+1034-34 B011



# Paralegal Research Associates
## Dennis Deters, Vice President

21319 Hwy 33, Spring Grove, MN 55974 -- Phone 507-498-3058

WEB SITE: www.ParalegalResearchUSA.com          EMAIL: deters@ParalegalResearchUSA.com

---

# Memorandum

**To: Jose Vega-Figueroa**

**From: Dennis Deters, Vice President**

**Date: 6-7-06**

**Ref: Appeal No. 06-1622**

The Court of Appeals will not consider matters which are not part of the record below. We included as much as we could of your strongest issues in the appeal. We can't include more. The brief is already 246 words over the limit. Also, we are still owed a substantial amount of money for the appeal.

EXIBIT
5

**Paralegal Research Associates**

**Dennis Deters, Vice President**

cc:
**Jose Vega-Figueroa**
14694-069
P.O. Box 1034
Coleman, FL 33521
**Supervisory Counsel**











EXIBIT 8

***

EXIBIT 9



\* \* \*

Que en su incativa de ese agente federal [y la inteime dos] como te a hecho desde ese atacecer

Bueno esto estan en esta carta, ahora si espero que haya algo para resolver todo esto relacionado a Medina Sares, que si siempre a estado dispuesto a testificar a mi favor por eso es una falcicacion mes en contra de mi persona O K

Muchas Gracias

MR. Peters

att a su Cliente José Vega tiguera
146 74068

EXIBIT
10

# Paralegal Research Associates
### Dennis Deters, Vice President
21319 Hwy 33, Spring Grove, MN 55974 – Phone 507-498-3058
WEB SITE: www.ParalegalResearchUSA.com                    EMAIL: deters1@springgrove.coop

12-1-06

**JOSE VEGA-FIGUEROA**
14694-069
P.O. Box 1034
Coleman, FL 33521

**Re:  Billing For Preparation of Petition for Writ of Certiorari**

| Date: | Description of Charge: | Amount: |
|-------|------------------------|---------|
| 9-29-06 thru 12-1-06 | Research and preparation of Petition .................................... | $pagado |

|  |  |
|--|--|
| **Total Charges** ............ | **$pagado** |
| **Amount Paid** .............. | **$pagado** |
| **Amount Due** .............. | **$    0.00** |

Thank you for this opportunity to be of service to you. There is no money due for this Petition.

**Paralegal Research Associates**

*Dennis Deters*
**Dennis Deters, Vice President**

**cc:**
Rosa Figueroa
Res Ramos Antonini
Edificio 45 Apto 446
Rio Piedras, PR 00924

2

EXIBIT
11

# 𝔓aralegal 𝔯esearch 𝔄ssociates
## 𝒟ennis 𝒟eters, 𝒱ice 𝒫resident

21319 Hwy 33, Spring Grove, MN 55974 -- Phone 507-498-3058

WEB SITE: www.ParalegalResearchUSA.com                    EMAIL: deters1@springgrove.coop

## 𝔐emorandum

**𝔗o: Counsel for Jose Vega-Figueroa**
**𝔉rom: Dennis Deters, Vice President**
**𝔇ate: 12-1-06**
**𝔯ef: Filing and Service of Petition for Writ of Certiorari**

Por favor, encuentra los siguentes documentos hemos preparado segun el contrato contigo:

    A.)   Cuatro (4) copias de la "Petition for Writ of Certiorari". Una, la "original", esta grabado una vez por la esquena. Esta es para la Supreme Court. Las otras tienen plastico para grabar todo el lado.

    B.)   Cuatro (4) copias de un "Motion for Leave to Proceed in Forma Pauperis".

    C.)   Una (1) copia de un "Affidavit in Support of Motion for Leave to Proceed in Forma Pauperis".

    D.)   Cuatro (4) copias de un "Certificate of Filing and Service".

Necesita firmar la "original" (la copia sin plastico) de la Peticion y 1 copia de cada una de los otros documentos y poner fecha y enviar a: **Supreme Court of the United States, Office of the Clerk, 1 First Street N.E., Washington, DC 20543**. Envie una copia a **United States Attorney, For The District Of Puerto Rico, Room 452 Federal Bldg, Hato Rey, PR 00918**, y una copia a **Solicitor General, Department of Justice, Washington, DC 20530.**. Guarda 1 copia para Usted. **Nota:** El documento usado de la Supreme Court para decidir si su peticion esta puesto dentro del tiempo necesario es el documento "Certificate of Filing and Service". Despues de firmar y poner fecha a este documento, haga un copia y guardala bien. Recuerda que su fecha necesita estar puesto al correo no mas tarde que **12-28-06**.

### 𝔓aralegal 𝔯esearch 𝔄ssociates
**Dennis Deters, Vice President**

**cc:**
**JOSE VEGA-FIGUEROA**
**Supervisory Counsel**

1

*EXIBIT 12*

## INSTRUCCIONES PARA LLENAR EL FORMULARIO "AFFIDAVIT IN SUPPORT OF MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS"

Se necesita llenar el formulario "AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED IN FORMA PAUPERIS". Necesita responder a todos preguntas. Si la respuesta a un pregunta es "0" o "none" (nada) o "not applicable" (no aplicable), ponga esa respuesta. **Para preguntas #10 y #11, la respuesta necesita ser "no" a causa de que no hemos recibido dinero de "Usted" para la peticion a la Supreme Court. Su familia de Usted nos ha pagado.**

## INSTRUCTIONS FOR PREPARATION OF AFFIDAVIT IN SUPPORT OF MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

On the form provided, answer fully each of the questions. **If the answer to a question is "0," "none," or "not applicable" "(N/A)",** <u>enter that response</u>. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper, identified with your name and the question number. Unless each question is fully answered, the Clerk will not accept the petition. The form must either be notarized or be in the form of a declaration. See 28 U.S.C.§1746. Signing your name on this form constitutes the required "declaration" under 28 U.S.C. § 1746. **<u>Please note that payments for services by your friends or family are not payments made by you.</u>** *United States v. Zelenka,* 112 F. Supp. 2d 708; 1999 U.S. Dist. LEXIS 22179 (MD TN 1999); *Harris v. Rees,* 794 F.2d 1168; 1986 U.S. App. LEXIS 27282 (6th Cir. 1986); *Lee v. McDonalds,* 231 F.3d 456; 2000 U.S. App. LEXIS 29032 (8th Cir. 2000). <u>We were paid by your family. We did not receive any money from you. According to the foregoing case law, the answers to questions #10 and #11 of the in forma pauperis affidavit should be "no".</u>

# <u>IMPORTANT</u>

EXIBIT
13

# Paralegal Research Associates

## Dennis Deters, Vice President

21319 Hwy 33, Spring Grove, MN 55974 – Phone 507-498-3058

WEB SITE: www.ParalegalResearchUSA.com          EMAIL: deters1@springgrove.coop

## Memorandum

**To: Counsel for Jose Vega-Figueroa**

**From: Dennis Deters, Vice President**

**Date: 12-1-06**

**Ref: Filing and Service of Petition for Writ of Certiorari**

Por favor, encuentra los siguentes documentos hemos preparado segun el contrato contigo:

A.)    Cuatro (4) copias de la "Petition for Writ of Certiorari". Una, la "original", esta grabado una vez por la esquena. Esta es para la Supreme Court. Las otras tienen plastico para grabar todo el lado.

B.)    Cuatro (4) copias de un "Motion for Leave to Proceed in Forma Pauperis".

C.)    Una (1) copia de un "Affidavit in Support of Motion for Leave to Proceed in Forma Pauperis".

D.)    Cuatro (4) copias de un "Certificate of Filing and Service".

Necesita firmar la "original" (la copia sin plastico) de la Peticion y 1 copia de cada una de los otros documentos y poner fecha y enviar a: **Supreme Court of the United States, Office of the Clerk, 1 First Street N.E., Washington, DC 20543.** Envie una copia a **United States Attorney, For The District Of Puerto Rico, Room 452 Federal Bldg, Hato Rey, PR 00918,** y una copia a **Solicitor General, Department of Justice, Washington, DC 20530..** Guarda 1 copia para Usted. **Nota:** El documento usado de la Supreme Court para decidir si su peticion esta puesto dentro del tiempo necesario es el documento "Certificate of Filing and Service". Despues de firmar y poner fecha a este documento, haga un copia y guardala bien. Recuerda que su fecha necesita estar puesto al correo no mas tarde que **12-28-06.**

### Paralegal Research Associates
**Dennis Deters, Vice President**

cc:
**JOSE VEGA-FIGUEROA**
**Supervisory Counsel**

1

EXIBIT
14

Del caso Yesenia    Jueves 15-Junio-2006

# Absueltos dos coacusados

**Melissa Correa Velázquez**
*EL VOCERO*

Sin explicar la razón de su determinación, el juez federal Juan Pérez Giménez absolvió a Mario Hernández Cartagena y José Román Martínez, acusados en el caso sobre Yesenia Ortiz Acosta, luego de que la Fiscalía Federal solicitara la desestimación sin perjuicio de los cargos que pesaban en su contra.

El Ministerio Público radicó una moción en la que pedía a Pérez Giménez que desestimara los cargos sin perjuicio contra Hernández Cartagena y Román Martínez, en la que tampoco explicaba las razones para su solicitud.

Sin embargo, el juicio contra el ex esposo de la desaparecida, Eddie Samir Rodríguez, continúa pautado para el próximo lunes.

De inmediato, el director de la Oficina del Defensor Público, Joseph Laws, dijo a EL VOCERO que "esto reitera nuestra fe en el sistema de justicia y demuestra el peligro de lo que es la pena de muerte y el temor de que un inocente pueda ser juzgado por un delito que no cometió".

Román Martínez y Hernández Cartagena fueron



**Arriba, Eddie Samir Rodríguez y a la derecha, la desaparecida Yesenia Ortiz**



acusados junto al ex esposo de la víctima por alegadamente conspirar para apoderarse del vehículo de la mujer mediante el uso de la fuerza, resultando en muerte violenta. El 16 de abril de 2004 la Fiscalía había informado que solicitaría a la división de Pena de Muerte del Departamento de Justicia estadounidense que el caso fuera certificado como uno de pena capital, luego de que el Gran Jurado emitiera una acusación enmendada en la que se le imputaba al trío cargos de "conspiración y robo de vehículo mediante el uso de la fuerza resultando en muerte violenta". Posteriormente, informó que no iba a pedir el referido castigo contra los acusados.

El primer abogado que tuvo Román Martínez, William Matthewman, experto en casos de pena capital, reiteradamente argumentaba que el Gobierno tenía un caso "débil", porque aunque la Fiscalía alegaba que Ortiz Acosta falleció, no se ha encontrado su cuerpo. "El Ministerio Público carece de evidencia suficiente para establecer el hecho de que la víctima murió", planteaba Matthewman. El letrado planteaba que su ex cliente había pasado una prueba de polígrafo en relación con su inocencia. Afirmaba que, según los resultados del examen, que fue realizado el 9 de diciembre de 2004, Román Martínez "fue veraz" al asegurar que no asesinó a la víctima, que tampoco sabe quién lo hizo, que no participó de alguna forma en su muerte ni en el "carjacking" y que tampoco abusó sexualmente de la mujer.

A su vez, plantea que durante la vista de detención, efectuada el 2 de marzo de 2004, el ex fiscal Edwin Vázquez había indicado a la magistrada Aida Delgado que el Gobierno contaba con cinco testigos que presenciaron la interceptación de Ortiz Acosta. Matthewman afirmaba que posteriormente se determinó que ninguno identificó a su cliente en el momento de la interceptación.

De igual forma, el letrado negaba alegaciones de la Fiscalía durante la vista de detención en el sentido de que haya testigos que hayan observado a su cliente cargando un galón de gasolina para quemar el vehículo de la víctima. Matthewman menciona que durante la referida vista, Vázquez había argumentado a la ex magistrada y ahora jueza Aida Delgado que tenía un testigo que había observado a los tres acusados cometiendo la agresión sexual contra Acosta Martínez. Sobre este particular, Matthewman planteaba que "tras una pesquisa se concluye que esta alegación es falsa", debido a que el alegado testigo estrella, identificado como José A. Claudio Díaz, conocido como "El Loco", tiene retardo mental moderado. Matthewman rechaza también el planteamiento del Gobierno de que una sábana incautada contenía pelos compatibles con su cliente.

El pasado 3 de marzo, Pérez Giménez concedió que Román Martínez y Hernández Cartagena quedaran en libertad bajo fianza y utilizaran un grillete electrónico. El dúo había sido ingresado en el Centro de Detención de Guaynabo (MDC, por sus siglas en inglés) desde el 26 de febrero del 2004. Rodríguez aún permanece en prisión.

Ortiz Acosta desapareció el 15 de abril de 1999 luego de salir de su trabajo en ASUME de Guayama. Aunque los investigadores del caso creen que la joven fue asesinada, su cuerpo nunca fue encontrado.

En febrero del pasado año, un Gran Jurado federal emitió acusaciones contra el trío, el cual fue acusado de conspirar para apoderarse de un vehículo modelo Toyota de 1999, que le pertenecía a la víctima, mediando violencia, intimidación y con la intención de causar grave daño corporal.

Desde la desaparición de Yesenia, su esposo figuró como sospechoso. Rodríguez se desempeñaba como agente en la Oficina de Seguridad y Protección de Guayama.

Honorable Corte Suprema

Vega - Figueroa

Somete Tambien como EXIBIT # 15

Una copia donde Los Lcdos: Paul G. Carey - Bruce R. Bry
en La Appelación Directa De La Corte De Appelaciones De
Boston en 1999 al 2000, ellos argumentaron Miranda rigl
Que Vega-Figueroa Le respondió a Medina-Sanes, que er
Supervisor de Guardia de Seguridad y que ahora Trabaja e
La Cosina.

Cuando en realidad en la carta que le envié en el
idioma Español Fué, que al que Le respondiera my
persona Vega - Figueroa, qué en La calle yo Trabajaba d
Supervisor de Guardia de Seguridad y que ahora trabaj
en La cosina, fué al agente que me entrevictó en e
6to piso del edificio Federal el 11-abril-1997 cuando
arrestaron. (pag 7)

Envió una copia donde en el reporte 302 Los agentes
José Tirado y Tomas Sanchez el 11-abril-1997 me alterar
La respuesta que Vega-Figueroa Le respondió al agent
y La unieron a una sola respuesta que se le dió al otr
Confinado Medina-Sanes-yo no se porque estoy aquí

*EXIBIT #15*

Incriminatory Statement

Prior to trial, the Government alleged that the Appellant had made an incriminatory statement. Specifically, on April 11, 1997, the Appellant and others were arrested, whereupon they were brought to the Federal Building in Puerto Rico to be fingerprinted and photographed. H.T. 4/7/98:17. An officer in the room claimed to overhear a conversation between David Medina Sanes ("Sanes"), a co-defendant, and the Appellant, wherein Sanes was alleged to have said to the Appellant that the Appellant had been arrested because he was the main leader of the organization. Id. at 19. According to the police officer, the Appellant responded "that is the way it used to be but now, currently, what he was a mere cook." Id. The police officer testifying at the suppression hearing admitted that the atmosphere in the room at the Federal Building was "police dominated." Id. at 29.

The Appellant testified that he had been questioned by the booking officer, and responded that he was the supervisor of security guards for a construction company prior to his arrest in 1995. Id. at 37. The Appellant testified that he told Sanes that he was a supervisor of the security guards, and that since his arrest in 1995, he had been a cook in prison. Id. at 38. At the time of the alleged statement, no one advised the Appellant of his Miranda rights. Id. at 37.

The court ruled that the Appellant was in custody, but that he had not been

*EXIBIT # 15*

**Crim. No. 97-72(SEC)**                                              **2**

exchange with another arrestee, ~~David "El Negro" Medina-Sanes~~.  According to ~~the report~~

which ~~Agents José Tirado and Tomás Sánchez~~ prepared later that day, the following conversation

ensued:



(Docket #170, Exhibit 1). Defendant now seeks to suppress and or eliminate the preceding

statements on the ground that he was not Mirandized and/or that these statements are unfairly

prejudicial under Rule 403 of the Federal Rules of Evidence.

**Applicable Law/Analysis**

As the Government correctly asserts, at the suppression/in limine hearing held on April 7,

1998, the Court held that the preceding statements were not the result of a custodial interrogation

and were thus, not subject to suppression under <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). It further

held that the question to be addressed was whether these statements, while admissible, should be

excluded pursuant to Rule 403 of the Federal Rules of Evidence. We will nevertheless briefly

explain why we believe the statements should not be suppressed, and thereafter address the issue of

undue prejudice.