MR. JOSE VEGA-FIGUEROA
Reg. No. 14694-069
FCC/USP-2 Coleman
P.O. Box 1034
Coleman, Florida 33521
Defendant-Petitioner in pro se

ORIGINAL

UNITED STATES DISTRICT COURT

DISTRICT OF PUERTO RICO

JOSE VEGA-FIGUEROA,            )
                               )
    Defendant-Petitioner,      )   CASE NO. 97-CR-72 ( SEC )
                               )
vs.                            )   <u>MOTION FOR A REDUCTION OF THE SENTENCE</u>
                               )   <u>PURSUANT TO 18 U.S.C. § 3582(c)(2);</u>
                               )   <u>DECLARATION OF JOSE VEGA-FIGUEROA</u>
UNITED STATES OF AMERICA,      )
                               )
    Plaintiff-Respondent.      )
_____)

RECEIVED AND FILED
2008 MAY 13 AM 9:53
CLERK'S OFFICE ANNEX
U.S. DISTRICT COURT
OLD SAN JUAN PR

    Please take notice Jose Vega-Figueroa, hereafter the "petitioner," files for a reduction of his sentence pursuant to the retroactive amendments of the United States Sentencing Guidelines. <u>1/</u>

## JURISDICTION

    Jurisdiction is authorized and conferred pursuant to 18 U.S.C. § 3582(c)(2) regarding two retroactive amendments; Amendment 706 effective March 3rd, 2008; and Amendment 505 (November 1st, 1995) limiting drug offense at a maximum Level 38. With the retroactive two level decrease under Amendment 706, this court has jurisdiction properly invoked under § 3582(c)(2). Presently, petitioner has been serving a life sentence since imposed on February 19th, 1999. <u>2/</u>

---

<u>1/</u>   Jose Vega-Figueroa is denoted as the "petitioner" in this motion for reduction of the sentence. The United States of America shall be denoted as the government.

<u>2/</u>   Perhaps saving grace, or luck of the manner the cards fell, the two retroactive amendments to the Guidelines shall put petitioner at a Level 36. He respectfully submits this 3582(c)(2) to that end.

MOTION FOR REDUCTION OF SENTENCE                RE: 18 U.S.C. 3582(c)(2)

- 1 -

## STATEMENT OF THE CASE

On April 10th, 1997, in the United States District Court for the District of Puerto Rico, a federal grand jury returned a three count indictment alleging petitioner, Mr. Jose A. Vega-Figueroa, and others, violated the following statutes:

COUNT I   Knowingly engaging in a Continuing Criminal Enterprise and aiding and abetting the underlying CCE in violation of 21 U.S.C. § 848(a) & (b) and 18 U.S.C. § 2;

COUNT II   Conspiracy to possess with intent to distribute in excess of five kilograms of heroin, cocaine, crack cocaine and 100 kilograms of marijuana from August 1st, 1990 through April 10th, 1997, and aiding and abetting in facilitating the offense in violation of 21 U.S.C. § 841(a)(1) & § 846 and 18 U.S.C. § 2;

COUNT III   Using and carrying a firearm in the underlying narcotics violations, and aiding and abetting them in violation of 18 U.S.C. s 924(c) and 18 U.S.C. § 2.

From June 8th, 1998 through July 15th, 1998, a jury trial was conducted. 3/

On July 15th, 1998, the jury returned verdicts of guilty on the three offenses. (CR-400)

On February 19th, 1999, petitioner was sentenced to two terms of life imprisonment on counts one and two, to run concurrently with each other, and five years on count three, to run consecutively to the life sentences imposed on counts one and two. (CR-492) 4/

---

3/ "CR" denotes the Clerk's Docket record. It is respectfully pled that the two retroactive amendments to the United States Sentencing Guidelines shall result in a specific number of years. Resentencing shall enable the court full opportunity to recraft the sentence with a view towards no more than 20 years, the statutory CCE sentence.

4/ Petitioner presently works in UNICOR, a federal Bureau of Prisons' industry. Petitioner's behavior is outstanding. It is both hoped, and submitted, that petitioner's sentence should be far less than life. The changes in guidelines and the law are far less stringent than the time ranges when sentenced on February 19th, 1999.

MOTION FOR REDUCTION OF SENTENCE          RE: 18 U.S.C. § 3582(c)(2)

On December 18th, 2000, the United States Court of Appeals for the First Circuit affirmed the trial court judgment in <u>United States v. Vega-Figueroa</u>, 234 F. 3d 744 (1st Cir. 2000).

On June 7th, 2004, timely motion pursuant to 28 U.S.C. § 2255 was denied in <u>USA v. Vega-Figueroa</u>, No. 3-02-01119-CIV in the United States District Court for the District of Puerto Rico.

On November 3rd, 2004, the United States District Court for the District of Puerto Rico denied rehearing of the 28 U.S.C. § 2255 motion in <u>USA v. Vega-Figueroa</u>, No. 3-02-01119-CIV.

On January 31st, 2006, the second rehearing was denied in the United States District Court for the District of Puerto Rico in <u>United States v. Vega-Figueroa</u>, No. 3-02-01119-CIV.

On April 21st, 2006, a Certificate of Appealability was denied in the United States District Court for the District of Puerto Rico in USA v. Vega-Figueroa, No. 3-02-01119-CIV.

On July 11th, 2006, the United States Court of Appeals for the First Circuit denied a Certificate of Appealability in <u>USA v. Vega-Figueroa</u>, No. 06-1622 (unpublished).

On September 29th, 2006, the United States Court of Appeals for the First Circuit denied rehearing in <u>USA v. Vega-Figueroa</u>, No. 06-1622 (unpublished).

On January 8th, 2007, the United States Supreme Court denied Writ of Certiorari in <u>USA v. Vega-Figueroa</u>, No. 06-8285.

Subsequent rehearing in the United States Supreme Court was denied in <u>USA v. Vega-Figueroa</u>, No. 06-8285. This 18 U.S.C. s 3582(c)(2) motion follows.

## STATEMENT OF FACTS

This 18 U.S.C. § 3582(c)(2) motion for a reduction of the sentence is based upon factors that under retroactive U.S.S.G. Amendment 505, that caps a drug offenses at Level 38, and retroactive U.S.S.G. Amendment § 706, effective March 3rd, 2008 that requires a two level reduction on a crack cocaine sentence and requires vacation of the defendant's life sentence, and reimposition of a sentence at Level 36. More than a few reasons require this relief.

Although the grand jury indictment alleged the defendant, along with eleven other co-defendants, violated narotics and firearm laws, two murders at the Hoga Crea Detention Facility, i.e., Melvin Flores-Montalvo and Reynaldo Colon-Gonzalez, were neither committed by the defendant, nor were the murders charged in the grand jury indictment as substantive offenses. Review of the 2255 motion indicates government witnesses Acevedo-Rodriguez and Santiago-Casiano committed perjury. (Case No. 3-02-CV-01119-SEC Docket Nos. 19, 20, & 21 & Document No. 22 filed 11;03;2004 U.S. District Court and Docket Nos. 23 & 24, Case No. 06-1622 - Decision date July 11th, 2006)(rehearing date September 29th, 2006 - Denied).

It is crucial that it is pled that when being sentenced on these two murders never committed by the defendant, the sentencing court went to U.S.S.G. § 2A1.1 (First Degree Murder - Level 43), and imposed a life sentence.

By separate miscarriage of justice, the state court trial on these two murders resulted in acquittal against the defendant. Thus what the State Court trial exonerated the defendant of, the murders of both

MOTION FOR REDUCTION OF SENTENCE          RE   18 U.S.C. s 3582(c)(2)

Melvin Flores-Montalvo and Reynaldo Colon-Gonzalez, compels vacation of count three and it's negative addition of points in the overall federal sentence.

Turning next to the murder of Maria Gotay, again, this was never charged in the grand jury indictment. The offense of conspiracy is not the offense for murder. It is crucial that when Aleida Gotay, sister of Maria Gotay, was asked by the judge if she had first hand knowledge that the defendant had killed Maria Gotay, she said she only assumed it. At that point, the judge directed the jury to dismiss that murder. Yet when sentenced, as in the uncharged murder of Flores-Montalvo and Colon-Gonzalez, the murder I was found not guilty of was driven to Level 43, resulting in a miscarriage of justice.

Proceeding next to the lack of any quantities for the alleged heroin, cocaine, crack cocaine, and marijuana, the only drugs that were placed before the jury in the case were eight (8) small user quatities of heroin, and $75.00 in cash. The record indicates that Cesar Colon was sentenced to ten years following his guilty plea for the eight bags of heroin he was apprehended with. It had nothing to do with the defendant at bench. And with a general verdict, the maximum sentence that can be imposed should be for the smallest, or least serious, substance in the case.

Given these factors, more fully argued, infra, the life sentence must be vacated, and a corresponding sentence determined under the rule of lenity is compelled. For reasons more fully set forth in the following legal arguments, the life sentence must be vacated, and a term of imprisonment must be at the lowest level of a general verdict.

MOTION FOR REDUCTION OF SENTENCE          RE   18 U.S.C. s 3582(c)(2)

## LEGAL ARGUMENT

I. **THE DEFENDANT IS ELIGIBLE FOR U.S.S.G. AMENDMENT § 706 THAT BECAME RETROACTIVELY EFFECTIVE MARCH 3rd, 2008 IN TOGETHER WITH U.S.S.G. AMENDMENT § 505 RETROACTIVELY EFFECTIVE ON NOVEMBER 1st, 1995 CAPPING A DRUG OFFENSE AT LEVEL 38**

Presently, two retroactive United States Sentencing Guidelines are before the court, and shall require vacation of the life sentence - U.S.S.G. § 505 (November 1st, 1995 - retroactive) and U.S.S.G. § 706 (requiring a two level reduction for crack cocaine - retroactive on March 3rd, 2008). That, and intervening law, require a Level 36 range. Some discussion is required.

When the defendant went to trial, court's were utilizing a form of delinking a conviction from it's guideline range, taking uncharged heavier offenses, relinking the more serious offenses under a United States Sentencing Guideline, and imposing that Level and range. In the instant case, three murders, never charged as substantive offenses, were applied to the narcotics enterprise sentence, absent a jury verdict for those murders. It resulted in relinking the drug offense as a first degree murder utilizing U.S.S.G. § 2A1.1 (First Degree Murder carrying a Level 43 severity), and imposing a life sentence on offenses never charged by the grand jury, all under a preponderance of the evidence standard by the court at sentencing. This practice of reaching beyond the conviction, and taking an offense that was not put before the jury, was condemned in <u>United States v. Gonzales</u>, 420 F. 3d 111 (2nd Cir. 2005). This court's sister circuit noted, under <u>Jones v. United States</u>, 526 U.S. 227 (1999), <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 147 L.Ed.2d 435, 120 S. Ct. 2348 (2000), <u>Booker v. United States</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2006) (and collected cases), that taking a

MOTION FOR REDUCTION OF SENTENCE       RE  18 U.S.C. § 3582(c)(2)

jury conviction for a charged offense, then at sentencing delinking the offense of conviction from it's guideline range, and relinking it in a more severe guideline range, violated the Fifth Amendment Due Process of Law clause, as well as the Sixth Amendment jury right that government proves all elements of a charged offense beyond a reasonable doubt. Gonzales, id. The instant case indicates this very practive was applied to the defendant. His drug enterprise was sentenced under the First Degree Murder U.S.S.G. § 2A1.1 guideline. Because resentencing restricts the court from going to heavier ranges under Booker, supra, we now turn to the correct resentencing scheme under both U.S.S.G. Amendment 505 (retroactively applicable topping out a drug offense at Level 38), and the impact of U.S.S.G. Amendment § 706 (retroactively requiring a two level decrease for crack cocaine), that clearly puts the defendant in a Level 36 guideline range. United States v. Hicks, 472 F. 3d 1167 (9th Cir. 2007) (citing) Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) And of even more significance, we find the general verdict itself would compel the rule of lenity and a sentence of no more than five years under 21 U.S.C. s 841(B)(1)(D) for the marijuana. United States v. Garcia, 37 F. 3d 1359 (9th Cir. 1994) - United States v. Dale, 178 F. 3d 429 (6th Cir. 1999) - Brown v. United States, 299 F. 2d 438 (D.C. Cir. 1962) - United States v. Rhymes, 196 F. 3d 207 (4th Cir. 1999) and United States v. Allen, 302 F. 3d 1260 (11th Cir. 2002). Yet because the defendant has, on one hand, a general verdict, and on the other, a 21 U.S.C. § 848 Continuing Criminal Enterprise, the statutory 20 year to life minimum of 20 years is the only, and the maximum sentence, that can be reimposed. The twenty year minimum trumps the Level 36 guideline range, however, nothing more can be imposed

MOTION FOR REDUCTION OF SENTENCE           RE   18 U.S.C. s 3582(c)(2)

without offending Booker. And of even more significance is that when <u>Hicks</u> went back to court for resentencing under retroactive U.S.S.G. Amendment 599 (effective retroactively on November 1st, 2000), or what is denoted as the gun bump of two levels, the resentencing court, that had sentenced Hicks in 1993 to a consecutive 5 year 18 U.S.C. § 924(c) sentence, <u>and</u> a two level increase for a firearm, lowered <u>Hicks</u> sentence by two levels, but refused to review resentencing under <u>Booker</u>. The Ninth Circuit reversed. Not only was a resentencing required under the constraints of <u>Booker</u>, <u>supra</u>, but <u>Booker</u> applied to 18 U.S.C. s 3582(c)(2) motions. <u>Hicks</u>, 472 F. 3d at 1168-1169 (9th Cir. 2007)

Turning next to a resentencing under the <u>Booker</u> restrictions, once holdings in effect come down since the original sentencing, they are applicable. This brings us the full course and circle of the state of the dynamics of an 18 U.S.C. s 3582(c)(2) motion, and leads us into three United States Supreme Court holdings that fortify the defendant's instant motion for a reduction of his sentence to twenty years.

The high court has held that since <u>Booker</u> invalidated mandatory provisions of the United States Sentencing Guidelines under 18 U.S.C. s 3553(b)(1), the existing § 3553(a) reasonableness factors are viewed as advisory in <u>Rita v. United States</u>, ___ U.S. ___, ___ L.Ed.2d ___, 127 S.Ct. 2456 (2007), <u>Kimbrough v. United States</u>, ___ U.S. ___, ___ L.Ed.2d ___, 128 S. Ct. 558, 568-70 (2007), and <u>Gall v. United States</u>, ___ U.S. ___, ___ L.Ed.2d ___, 128 S. Ct. 586 (2007). It is vigorously submitted that both <u>Kimbrough</u> and <u>Gall</u> allow the sentencing judge to go below the applicable sentencing guideline range, providing the court finds the § 3553(a) factor of reasonableness satisfies the court's evaluation of of the factors in § 3553(a). It is a judicial academic process. There

MOTION FOR REDUCTION OF SENTENCE          RE   18 U.S.C. § 3582(c)(2)

can be no more delay in arriving at a constitutionally acceptable term of imprisonment reimposed on the defendant at bench. United States Sentencing Guideline Amendment § 711, has made Amendment § 706 retroactive. Given the rather unusual set of circumstances in the instant § 3582(c)(2) motion for reduction of the sentence, it is clear that when sentence was originally imposed, delinking offenses of conviction at a sentencing hearing, and relinking them to unproven facts of uncharged offenses, has been put to rest under the doctrine of Jones-Apprendi-Booker rulings. Said in simple terms, a general verdict with marijuana as the least serious comes to play under lenity. But because a CCE, or 21 U.S.C. § 848 Continuing Criminal Enterprise offense compels a twenty year mandatory sentence, then the twenty year sentence must be the term imposed following vacation of the unconstitutional life term imposed for murder that was neither charged, or proven beyond a reasonable doubt, to the jury in the defendant's jury trial. Anything short of a twenty year sentence offends the Fifth and Sixth Amendments of the United States Constitution, Rule 23(a), FRCrimP and the jury right, as well as jury unanimity under Rule 31(a), FRCrimP. That said, vacation of the life sentence is required.

## SUMMARY

Because of a change in the judicial landscape since the defendant went to trial charged with Conducting a Continuing Criminal Enterprise, or aiding and abetting that statute, sentencing courtis are no longer allowed to make bench court determinations on quantity, or other types of offenses required to be proven beyond a reasonable doubt. In the case at bench, although the defendant was not charged with murder, when he was sentenced, the court utilized U.S.S.G. § 2A1.1 (First Degree Murder),

MOTION FOR REDUCTION OF SENTENCE          RE   18 U.S.C. s 3582(c)(2)

to impose the life sentence under the court's own preponderance of the record evaluation. This has been condemned. That, with retroactivity of U.S.S.G. Amendment § 505 (1995) and Amendment § 706 (2008), against the general verdict, now requires vacation of the life sentence. Under existing law at the resentencing, a twenty year sentence is the highest, and in fact mandatorily required low end of 21 U.S.C. § 848, that can be imposed, and cannot be exceeded.

## CONCLUSION

For the foregoing reasons, incorporated by reference with all files and records of the case, this court should vacate the unconstitutional life sentence, command the United States Marshal's Service with a writ of ad testificandum to bring the defendant before the court for the purpose of resentencing, and vacate the life sentence. A maximum twenty year sentence should be reimposed at resentencing.

I declare the foregoing information to be true under penalty of perjury pursuant to 28 U.S.C. § 1746 in pro se.

Date: April 28, 2008

Respectfully submitted,

*Jose A. Vega Figueroa*
JOSE VEGA-FIGUEROA
Reg. No. 14694-069
USP-2 Coleman
P.O. Box 1034
Coleman, Florida 33521
Defendant in pro se

## VERIFICATION

I certify and execute the foregoing true under penalty of perjury pursuant to 28 U.S.C. § 1746 in pro se at USP-2 Coleman P.O. Box 1034 Coleman, Florida 33521 in pro se.

Date: April 28, 2008

*Jose A. Vega Figueroa*
JOSE VEGA-FIGUEROA
Defendant in pro se

MOTION FOR REDUCTION OF SENTENCE                    RE 18 U.S.C. § 3582(c)(2)

## CERTIFICATE OF SERVICE

I declare I placed a copy of the foregoing 18 U.S.C. § 3582(c)(2) motion in an envelope, first class postage affixed thereto, addressed to the following party:

United States Attorney
District of Puerto Rico
Room 452 Federal Building
Hato Rey, Puerto Rico 00918

then sealed the envelope and handed it to the USP-2 Coleman Correctional Officer for delivery by the United States Postal Service.

I execute the forgeoing true under penalty of perjury pursuant to 28 U.S.C. § 1746 in pro se.

Date: April 28, 2008

Respectfully submitted,

*Jose A. Vega Figueroa*
MR. JOSE VEGA-FIGUEROA
Reg. No. 14694-069
FCC-USP-2 Coleman
P.O. Box 1034
Coleman, Florida 33521
Defendant in pro se

MOTION FOR REDUCTION OF SENTENCE     RE    18 U.S.C. § 3582(c)(2)

```
                              MR. JOSE VEGA-FIGUEROA
                              Reg. No. 14694-069
                              FCC-USP-2 Coleman
                              P.O. Box 1034
                              Coleman, Florida 33521
                              Defendant in pro se
```

April 28th, 2008

HONORABLE JUEZ SENOR
Salvator E. Casellas
U.S. District Court
150 Federal Building
Hato Rey, Puerto Rico 00918

RE: USA v. VEGA-FIGUEROA
NO: 97-CR-72 ( SEC )

18 U.S.C. s 3582(c)(2) Motion

To the clerk,

    Enclosed find the original and two copies of the motion for reduction of the sentence pursuant to 18 U.S.C. s 3582(c)(2). I have served the government by separate cover. I have enclosed a SASE for a return filed copy of the coversheet for my records. Thank you in advance for your on-going processing of this action.

                                         Sincerely,

                                         */s/ José A. Vega Figueroa*
                                    MR. JOSE VEGA-FIGUEROA

cc:   U.S. Attorney
       filed copy requested
       SASE enclosed

EXHIBIT
ARREST
 cesar colón →



EXHIBIT
ARREST
Cesar Colón →

